UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL FULLER, | ) | CASE NO. 1:05 CV 2569 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| CARL ANDERSON, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On November 2, 2005, petitioner Michael Fuller filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Fuller, who is incarcerated in the Grafton Correctional Institution, claims the Ohio Adult Parole Authority ("OAPA") exceeded its authority to continue his incarceration beyond fifteen years. For the reasons stated below, the petition is denied and this action is dismissed.

### *Background*

Mr. Fuller was convicted in 1992, and sentenced in two separate cases to an indefinite aggregate sentence of 15 to 50 years. His first parole hearing was held in February 2000. He was placed in guideline offense category 10 and assigned a risk score of 7. Based on his score, he was denied release and his parole hearing was continued to 2010. His next parole hearing will

be 18 years after he began serving his sentence. Mr. Fuller contends that this puts him past his 15 year minimum sentence. He claims that "even though petitioner's sentences cumulates to over fifteen years, [Ohio Revised Code] § 2929.41(E)(2) automatically limits petitioner's minimum term to the statutorily imposed 15 years." (Pet. at 4.) He asserts "the [Ohio] Court of Appeals erred in interpreting the Ohio Revised Code Statute 2929.41(E)(3) and failed to enter a declaratory judgment as required by the Ohio Revised Code Chapter 2721 and Rule 57 of the Ohio Rules of Civil Procedure in violation of petitioner's right to due process." (Pet. at 3) He seeks immediate release from incarceration.

*Analysis*

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). In determining whether to issue a writ of habeas corpus, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern the district court's review of a state court decision. 28 U.S.C. § 2241. Pursuant to the AEDPA:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

>determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).  In order to justify a grant of habeas relief, a federal court must find a violation of law that is "clearly established" from "the holdings, as opposed to the dicta, of the United States Supreme Court's decisions as of the time of the relevant state court decision.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  A state court's legal decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently that the Supreme Court has on a set of materially indistinguishable facts.  Id. at 413.  Furthermore, a state court's legal decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from the United States Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case.  Id.  A claim based solely on an error of state law, however, is not redressable through the federal habeas process.  Greer v. Mitchell, 264 F.3d 663, 675 (6th Cir. 2001); Norris v. Schotten, 146 F.3d 314, 328-29 (6th Cir. 1998).

As an initial matter, Mr. Fuller asserts his claim as an error in the interpretation of state law.  Generally, a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law.  Gall v. Parker, 231 F.3d 265, 303 (6th Cir.2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal.").  The Ohio courts have already rejected Mr. Fuller's reading of Ohio Revised Code § 2929.41 to require his release from prison after serving fifteen years of incarceration.  This court must give deference to

3

the state court's interpretation of this Ohio statute.

Moreover, Mr. Fuller has no constitutional right to be released at the expiration of his minimum indefinite sentence. <u>Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979). Mr. Fuller was sentenced to 15 to 50 years incarceration. He received a parole hearing at the expiration of his minimum sentence less good time credits. He has no right under the United States Constitution to be released at that parole hearing or at any time before he has served the maximum sentence of 50 years imposed by the Ohio courts. <u>Id.</u>; <u>Jago v. Van Curen</u>, 454 U.S. 14, 20 (1981).

### *Conclusion*

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: January 24, 2006               *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE